# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS M. HERMAN and AUSTIN JAMES ASSOCIATES, INC., | : | 3:13cv1118 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| STEVEN J. HARMAN, UNDERGROUND STORAGE TANK INDEMNIFICATION BOARD MEMBERS: MICHAEL F. CONSEDINE; E. CHRISTOPHER ABRUZZO; W. MICHAEL SMITH; E. BRUCE SHELLER; J. STEPHEN HIEBER; LARRY T. MORTON; NANCY MARICONDI and STEPHANIE C. WISSMAN, KERRY L. YOUNDT and ICF INCORPORATED, LLC, | : | |
| Defendants | : | |

## MEMORANDUM

Before the court for disposition are plaintiffs' motion for reconsideration pursuant to L.R. 7.10 and motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).[1] (Docs. 60, 67). Plaintiffs' motions seek reconsideration and alteration of our order and judgment, which granted defendants' motions to dismiss plaintiffs' complaint. (Docs. 58, 59). The motions are fully briefed and ripe for disposition. For the following reasons, we will deny plaintiffs' motions.

---

[1] Plaintiffs seek reconsideration of our December 2, 2013 Memorandum and Order and move to alter our December 30, 2013 judgment.

**Background**[2]

The instant civil rights action arose from Plaintiffs Curtis M. Herman and Austin James Associates, Inc.'s (collectively "plaintiffs") termination as a third-party reviewer subcontractor for Pennsylvania's Underground Storage Tank Indemnification Fund. In response to the termination of their third-party reviewer subcontract with the Tank Fund, plaintiffs filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiffs' single-count complaint asserted a First Amendment retaliation claim against Defendants Steven J. Harman, Underground Storage Tank Indemnification Board Members, Kerry L. Youndt and ICF Incorporated, LLC (collectively "defendants"). Defendants filed motions to dismiss plaintiffs' First Amendment retaliation claim, which we granted. Plaintiffs then filed the instant motions, and the parties briefed the issues bringing the case to its present posture.

**Legal Standard**

In the present case, plaintiffs have filed a motion for reconsideration and a motion to alter or amend a judgment. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909

---

[2] A detailed recitation of the facts is found in the court's December 2, 2013 memorandum. See Herman v. Harman, No. 3:13-CV-1118, 2013 WL 6231594, at *1-3 (M.D. Pa. Dec. 2, 2013).

2

(3d Cir. 1985); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Max's Seafood Café, 176 F.3d at 677.  A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); see also In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) ("It is improper on a motion for reconsideration to ask the court to rethink what it had already thought through–rightly or wrongly." (quotations marks and citations omitted)).  Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.  Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Similar to a motion for reconsideration, "a proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

3

correct clear error of law or prevent manifest injustice." Lazaridid v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion to alter or amend judgment is subject to the "sound discretion of the district court."  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272-73 (3d Cir. 2001).

**Discussion**

In our Memorandum and Order dated December 2, 2013, we dismissed plaintiffs' complaint against defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  We first found that plaintiffs had standing to bring their First Amendment retaliation claim.  Next, we found that all defendants were state actors regarding plaintiffs' section 1983 claim.  We then focused on plaintiffs' employment relationship with the Tank Fund and determined they were so parallel to public employees that they should be treated as such for First Amendment purposes.  Under the First Amendment's public employee retaliation test, we held that plaintiffs' failed to engage in protected activity because their petitioning activity did not relate to a matter

4

of public concern. Ergo, we granted the defendants' motions to dismiss and dismissed plaintiffs' complaint.

Initially, plaintiffs' motions for reconsideration are not based on an intervening change in controlling law or new evidence not previously available. Rather, plaintiffs argue that the court committed two manifest errors of law. First, the court erred in finding that plaintiffs were a public entity for free speech purposes. Second, the court erred in holding that plaintiffs' speech sought only to protect plaintiffs' pecuniary interests and failed to address a matter of public concern. We will addresses these issues *in seriatim*.

First, plaintiffs contend that the court improperly focused on plaintiffs' activities as an independent third-party reviewer subcontractor for the Tank Fund and, instead, should have focused on their capacity as independent contractors for the Mussers. In our memorandum and opinion, we thoroughly evaluated plaintiffs' employment setting and determined that plaintiffs' position as a third-party reviewer subcontractor was so parallel to that of a public employee that plaintiffs should be treated as such for First Amendment purposes. Herman v. Harman, No. 3:13-CV-1118, 2013 WL 6231594, at *8-9 (M.D. Pa. Dec. 2, 2013). Thus, we utilized the public

employee First Amendment test, which requires an employee to demonstrate that he spoke as a citizen on a matter of public concern. Id. at *9.

In the instant motions for reconsideration, plaintiffs' arguments pertaining to their employment setting fail to amount to a clear error of law or manifest injustice because they represent little more than recycled arguments that attempt to convince the court to re-think its decision. Such arguments are not the proper basis for reconsideration. Lazaridid, 591 F.3d at 669; In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d at 639-40. Moreover, plaintiffs' arguments fail to persuade us that not only was our prior decision was wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." In re City of Philadelphia Litig., 158 F.3d 711, 720-21 (3d Cir. 1998). Accordingly, we will deny plaintiffs' first request for reconsideration.

Plaintiffs also claim that the court erred as a matter of law in holding that plaintiffs' protected activity failed to address a matter of public concern. The court held that the context, form and content of plaintiffs' alleged protected activity failed to relate to any matter of public concern for the following reasons:

> First, the Mussers' appeal was a private matter between the Mussers as individual owners of a gasoline station and the Tank Fund. The Mussers' appeal . . . [did] not "seek to inform the public that the defendants were not discharging their governmental responsibilities . . . nor seek to bring to light actual or potential wrongdoing or breach of public trust." Connick v. Myers, 461 U.S. 138, 148 (1983). Also, the appeal does not touch on any broad social or policy issue. See Gorum v. Sessoms, 561 F.3d 179, 187 (3d Cir. 2009) . . . . Moreover, the complaints contained within the Mussers' appeal were not made to protect the interests of other Tank Fund participants or beneficiaries. Rather, the content of the Mussers' appeal seeks only to protect plaintiffs' pecuniary interests . . . and it is not "important to the process of self-governance that communications on this topic, in this forum and in this context, take place." Azzaro v. Cnty. of Allegheny, 110 F.3d 968, 977 (3d Cir. 1997).

Herman v. Harman, No. 3:13-CV-1118, 2013 WL 6231594, at *10 (M.D. Pa. Dec. 2, 2013).

We will deny plaintiffs' motion for reconsideration on this ground because all arguments presented on this issue were thoroughly considered and rejected. See Glendon Energy Co., 836 F. Supp. at 1122 (stating that a motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made); In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d at 640 ("It is improper on a motion for reconsideration to ask the court to rethink what it had already thought through–rightly or wrongly." (quotations marks and citations

7

omitted)). Therefore, we will deny plaintiffs' second request for reconsideration.³

**Conclusion**

For the reasons stated above, plaintiffs' motions for reconsideration and to alter or amend a judgment will be denied. An appropriate order follows.

**Date: 1/15/14**  **s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

---

³ Plaintiffs assert in their reply that a recent Pennsylvania Supreme Court decision is "the dawn of a new era of recognition of environmental values in Pennsylvania. . . . ." (Doc. 70, Pls.' Reply at 2); see Robinson Twp., Washington Cnty., Pa. v. Commonwealth, –A.3d–, 2013 WL 6687290 (Pa. Dec. 19, 2013). As such, plaintiffs contend that their petitioning activity was protected because it falls squarely within the public policies expressed in Pennsylvania's Constitution, the Tank Act and Robinson Township.
    Our Memorandum, however, squarely considered and rejected this argument. We once again state that the complaints contained within the Mussers' appeal were not made to protect the interests of other Tank Fund participants or beneficiaries. Rather, the content of the Mussers' appeal seeks only to protect plaintiffs' pecuniary interests . . . and it is not "important to the process of self-governance that communications on this topic, in this forum and in this context, take place." Azzaro v. Cnty. of Allegheny, 110 F.3d 968, 977 (3d Cir. 1997).